﻿Citation Nr: AXXXXXXXX
Decision Date: 08/22/19 Archive Date: 08/22/19

DOCKET NO. 190123-3282
DATE: August 22, 2019

ORDER

Entitlement to an earlier effective date prior to July 27, 2017 for the grant of service connection for tinnitus is denied.

FINDINGS OF FACT

1. The Veteran’s initial June 2009 claim for service connection for tinnitus was denied in an October 2009 rating decision, after which the Veteran was notified of the denial in an October 28, 2009 letter.

2. The Veteran, through his representative, submitted a notice of disagreement on October 29, 2010, which was more than one year after the October 28, 2009 notification letter. This decision is final. 

3. In March 2012, a Member of Congress contacted VA about the status of the Veteran’s claim.

4. In a September 2012 letter, VA wrote to the Veteran and told him that a Member of Congress had expressed an interest in his case. It informed the Veteran that the notice of disagreement received on October 29, 2010 was not timely to be considered a formal appeal. It reminded the Veteran that VA had informed him of the decision on October 28, 2009 and that his notice of disagreement was not received within one year of the date that VA mailed the decision. VA attached the Veteran’s appeal rights. 

5. The Veteran did not appeal the September 2012 decision that informed him that his October 29, 2010, notice of disagreement was not timely, and the September 2012 administrative denial is final. 

6. The Veteran next filed an application to reopen his previously denied claim for service connection for tinnitus on July 27, 2017, and there is no evidence of any intervening written intent to file a claim for service connection for tinnitus.

CONCLUSION OF LAW

The criteria for an earlier effective date prior to July 27, 2017 for the grant of service connection for tinnitus have not been met. 38 U.S.C. §§ 5101, 5110 (2012); 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.156, 3.400 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active service from October 1966 to March 1967.

Entitlement to an earlier effective date prior to July 27, 2017 for the grant of service connection for tinnitus.

The Veteran claims that he should be awarded an earlier effective date for the award of service connection for tinnitus. Specifically, the Veteran asserts that he submitted a timely notice of disagreement following an October 2009 rating decision, which denied his initial June 2009 claim and that, therefore, the proper effective date should stem from his initial June 2009 claim.

The law regarding effective dates provides that, unless specifically provided otherwise, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110(a). 

This statutory provision is implemented by a VA regulation, which provides that the effective date of an evaluation and award of compensation based on an original claim or a claim reopened after final disallowance will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400. For claims specifically reopened on the basis of new and material evidence after a final disallowance under 38 C.F.R. § 3.156(a), the effective date is the date of receipt of the new claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(q)(2).

A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). The term “claim” or “application” means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p).

For claims received on or after March 24, 2015, VA amended its regulations governing how to file a claim. The effect of the amendment was to standardize the process of filing claims, as well as the forms accepted, in order to increase the efficiency, accuracy, and timeliness of claims processing, and to eliminate the concept of informal claims. 38 C.F.R. § 3.155 (2017). However, prior to the effective date of the amendment, VA law provided that any communication or action indicating an intent to apply for one or more benefits under the laws administered by VA, from a veteran or her representative, may be considered an informal claim. 

Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the veteran, it will be considered filed as of the date of receipt of the informal claim. Even with respect to informal claims, such informal claim must identify the benefit sought. 38 C.F.R. § 3.155 (for claims received prior to March 24, 2015).

The record documents that the Veteran previously filed a claim for service connection for tinnitus in June 2009. This claim was denied in an October 2009 rating decision, after which the Veteran was properly notified of the denial in an October 28, 2009 notification letter, which included his appeal rights. Thereafter, the record reflects that the Veteran’s representative submitted a formal notice of disagreement which was date stamped by VA on October 29, 2010, which is more than one year from the date of the October 28, 2009 notification letter.

In March 2012, a Member of Congress contacted VA about the status of the Veteran’s claim. That same month, VA told the Member of Congress that it had received a notice of disagreement and would look into the Veteran’s claim.

In a September 2012 letter, VA wrote to the Veteran and told him that a Member of Congress had expressed an interest in his case. It informed the Veteran that the notice of disagreement received on October 29, 2010 was not timely to be considered a formal appeal. It reminded the Veteran that VA had informed him of the decision on October 28, 2009 and that his notice of disagreement was not received within one year of the date that VA mailed the decision. VA attached the Veteran’s appeal rights. The Veteran did not appeal the September 2012 decision that informed him that his October 29, 2010, notice of disagreement was not timely, and the September 2012 administrative denial is final.

The Veteran next filed an application to reopen his previously denied claim for service connection for tinnitus on July 27, 2017, which was reopened and granted in a January 2018 rating decision and assigned an effective date of July 27, 2017. The Veteran has appealed the effective date assigned. Specifically, the Veteran asserts that he provided his notice of disagreement to his representative on October 22, 2010 and was told that it would be submitted shortly thereafter. Indeed, a handwritten statement by the Veteran attached to the October 29, 2010 notice of disagreement is dated October 22, 2010, and it clearly expresses his disagreement with the October 2009 rating decision. However, this document is also date stamped that it was received by VA on October 29, 2010, and the evidence does not show that either the handwritten document or formal notice of disagreement was received by VA prior to October 29, 2010. As such, the Board finds that the Veteran’s October 29, 2010 notice of disagreement was not timely, and the October 2009 rating decision became final.

Additionally, as noted above, the Veteran was subsequently notified by VA in September 2012 that his October 29, 2010 notice of disagreement was not considered timely, and he did not appeal that finding. Thus, that decision is final as well. 

The Veteran next submitted an informal claim on July 27, 2017 which expressed his intent to file a claim to reopen his previously denied claim. Thereafter, he filed a supplemental claim on September 26, 2017 which requested that his previously denied claim of entitlement to service connection for tinnitus be reopened. A January 2018 rating decision reopened and granted service connection for tinnitus, effective July 27, 2017 based on the date that his informal claim to reopen was received by VA.

Given the above, the Board finds that entitlement to an effective date prior to July 27, 2017 for the grant of service connection for tinnitus is not warranted. Although the Board is sympathetic to the Veteran’s assertion that he provided his October 2010 notice of disagreement to his representative for submission to VA prior to the expiration of the one-year period following notification of the October 2009 denial of his claim. The Board nevertheless finds that the record clearly documents that the Veteran’s notice of disagreement was received at the regional office on October 29, 2010, which is more than one year following the date of notification. As such, the October 2009 rating decision became final and it is not subject to revision except on the grounds of clear and unmistakable error, which neither the Veteran nor his representative have pleaded with the requisite specificity. Moreover, the Veteran did not appeal VA’s September 2012 finding and notification that the Veteran’s October 2010 notice of disagreement was untimely, which would also require a finding of clear and unmistakable error to be revised.

Accordingly, the Board finds that the preponderance of the evidence is against an effective date earlier than July 27, 2017 for the award of service connection for tinnitus, which is the date of receipt of his claim to reopen. 38 C.F.R. § 3.400(q)(2). There is no reasonable doubt to be resolved, and the claim for an effective date earlier than July 27, 2017 is denied because the agency of original jurisdiction has already assigned the earliest possible effective date provided by law.

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Chad Johnson, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.